# ÆTNA LIFE INSURANCE COMPANY *v.* TREMBLAY.

### ERROR TO THE SUPREME JUDICIAL COURT OF THE STATE OF MAINE.

No. 166. Argued January 26, 1912.—Decided February 19, 1912.

The full faith and credit clause of the Constitution does not extend to judgments of foreign states or nations, and unless there is a treaty relative thereto this court has no jurisdiction under § 709, Rev. Stat., to review a judgment of a state court on the ground that it failed to give full faith and credit to a judgment of a court of a foreign country.

The facts are stated in the opinion.

*Mr. Ralph W. Crockett* for plaintiff in error:

Where a life insurance policy is issued by a company of one State to one domiciled in another State, and the insured assigns the policy in the latter State, the law of the place where the assignment was executed shall govern. *Coburn's Appeal,* 74 Connecticut, 463; *Lee* v. *Abdy,* 17 Q. B. D. 309; *Union Cent. Life Ins. Co.* v. *Woods,* 11 Ind. App. 335; *Mut. Life Ins. Co.* v. *Allen,* 138 Massachusetts, 24; *Miller* v. *Campbell,* 140 N. Y. 457; *Spencer* v. *Myers,* 150 N. Y. 269; *Mut. Ben. Life Ins. Co.* v. *Bank,* 68 Michigan, 116; 19 Am. & Eng. Ency. of Law (2d ed.), 90.

This judgment is a valid and binding judgment in the Province of Quebec and by the decisions of this court is valid and binding upon our courts. See *Hilton* v. *Guyot,* 159 U. S. 113; *Ritchie* v. *McMullen,* 159 U. S. 235.

The judgment set up by the Ætna Life Insurance

Company in answer to the suit of Patrick F. Tremblay is a judgment rendered by a court of competent jurisdiction in the Province of Quebec. No question is raised as to the identity of the subject-matter in the Quebec and Maine suits nor as to the identity of the parties. It was rendered in accordance with the laws and practice of Quebec. All parties were duly notified and cited to appear. There is no flaw in the record.

The Federal question was raised in the original suit of *Tremblay* v. *Ætna Life Insurance Co.*, 97 Maine, 547, in which the credit to be given to the Canadian judgment is also discussed.

The defendant company introduced evidence of the Canadian judgment. The plea was the general issue, with the agreement that all of the defendant's evidence, if admissible at all, might for the purpose of that case, be deemed admissible under the general issue; and see *Ætna Life Insurance Co.* v. *Tremblay*, 101 Maine, 585.

The Federal right was denied by the Supreme Judicial Court of Maine. The Federal question was erroneously decided, and the judgment of the state court was not founded upon any other matter broad enough to sustain the judgment. Taylor, Juris. & Pro. U. S. Sup. Ct. 434; *Hilton* v. *Guyot*, 159 U. S. 163.

The effect to be given to foreign judgments is altogether a matter of comity in cases where it is not regulated by treaty. 2 Kent's Comm. (6th ed.) 120; *Hilton* v. *Guyot*, 159 U. S. 166; *McEwan* v. *Zimmer*, 38 Michigan, 765, 769; *Bradstreet* v. *Insurance Co.*, 3 Summ. 600, 608.

The Canadian judgment in this case is pleaded in bar, and there is a marked distinction between judgments as a cause of action and as a plea in bar. A foreign judgment when brought forward as a cause of action may be only *prima facie*, but conclusive when called into question incidentally or by a plea in bar. *Walker* v. *Witter*, 1 Doug. 1; *Buttrick* v. *Allen*, 8 Massachusetts, 237; *Galbraith* v.

*Neville,* 5 East, 75; *Wood* v. *Gamble,* 11 Cush. 8; *Williams* v. *Preston,* 3 J. J. Mar. (Ky.) 600; Bigelow on Estoppel, 192; Freeman on Judgments (2d ed.), § 592.

The Canadian judgment is in the nature of a judgment *in rem.* Such judgments are conclusive under conditions where it might be held otherwise with regard to judgments *in personam.* See *Hilton* v. *Guyot, supra.*

There was no fraud on the part of the insurance company in any of the proceedings connected with the Quebec judgment.

*Mr. Henry W. Oakes,* with whom *Mr. William Frye White* was on the brief, for defendant in error:

This court has no jurisdiction.

No authority to review the judgment of a state court exists because it refuses to give effect to valid contracts, or because in its effect it impairs the obligation of a contract.

It must be the constitution or the statute of the State which impairs the obligation of a contract, or the case does not come within the jurisdiction of this court. *Sayward* v. *Denny,* 158 U. S. 180; *Railroad Company* v. *Rock,* 4 Wall. 481; *Knox* v. *Exchange Bank,* 12 Wall. 379; *Railroad Company* v. *McClure,* 10 Wall. 511; *Railroad Company* v. *Lovering,* 12 Wall. 384; *Chouteau* v. *Moffitt,* 111 U. S. 200; *Lehigh* v. *Borough of Easton,* 121 U. S. 388; *Parmalee* v. *Lawrence,* 11 Wallace, 36; *McManus* v. *O'Sullivan,* 91 U. S. 578.

Even had this court jurisdiction, it seems to us manifest that the decision of the court of Maine could not be successfully attacked on its merits. It was clearly within the power of the state court to decide as to the validity of the foreign judgment. Judgments of a foreign state are *prima facie* correct only. *Hilton* v. *Guyot,* 159 U. S. 113, 180.

Having power to inquire into the validity of the foreign

judgment, the court did so, and decided against it on several grounds as stated in its opinion.

A foreign judgment, even *in rem*, is open to inquiry with respect to its original validity, both as to the question whether the subject of the judgment, the property or right upon which it undertook to act, was within the jurisdiction of the court, and also whether the judgment was obtained by fraud on the part of the plaintiff, or by fraud or collusion on the part of the party undertaking to set up the judgment as a defense. *Wilkinson* v. *Hall*, 6 Gray (Mass.), 568; *Eddy* v. *O'Hare*, 132 Massachusetts, 56; *Whipple* v. *Robinson*, 97 Massachusetts, 107; *Wardle* v. *Briggs*, 131 Massachusetts, 518.

The court of Maine properly inquired into these questions, and after full hearing decided them adversely to the plaintiff in error.

The questions were fully within the province of the court to decide, and the decision cannot be revised by this process.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The facts are these: At Quebec, Canada, in 1885, the plaintiff in error issued its policy of insurance for two thousand dollars upon the life of Jean O. Tremblay, a resident of Canada, his wife being named as the beneficiary. In 1891, Tremblay assigned the policy as collateral security to J. B. Cloutier, of Quebec. Ten years later Mr. and Mrs. Tremblay assigned the policy to their son, Patrick F. Tremblay, subject to the claim of Cloutier. Soon after this last assignment Jean O. Tremblay died, and both assignees made claim upon the insurance company. The contending claimants not being able to agree as to the amount of the claim of Cloutier, the insurance company, as authorized by the statutes of Canada, paid

the amount of the policy to the Provincial Treasurer of Quebec. Cloutier then brought suit upon the policy, making the heirs, widow and son of the insured parties defendant. None of the defendants appeared; judgment by default was entered in favor of Cloutier, and the money was paid over to him by the Provincial Treasurer. During the pendency of Cloutier's suit, however, and before the latter obtained his judgment, Patrick F. Tremblay sued the insurance company in a court of the State of Maine, and recovered judgment for the full amount due upon the policy. 97 Maine, 547. The insurance company then unsuccessfully attempted, by a suit in equity, to stay the collection of the judgment in the action at law. 101 Maine, 585. Presumably in consequence of an intimation of the court when dismissing the equity cause, the insurance company began this proceeding for a review of the action at law, and the same culminated in a judgment in favor of the insurance company against Tremblay for $818.33 and interest, the sum found to be due to Cloutier, as equitable assignee of the policy for his advances to the original holder of the policy, thereby operating a set-off of the amount against Tremblay's judgment upon the policy. This writ of error was then allowed by the Chief Justice of the Supreme Judicial Court of Maine.

The assignments of error are three in number, but they merely allege in various forms the commission of error by the state court, sitting as a court of law, in not holding as requested that the judgment obtained upon the policy by Cloutier which had been pleaded in bar by the insurance company, was a bar to the action upon the policy, brought by Patrick F. Tremblay, thereby denying "full and proper faith and credit" to the Cloutier judgment.

Plainly the writ of error was improvidently allowed. The authority conferred by Rev. Stat., § 709, to review a final judgment or decree in any suit in the highest court of a State, in which a decision in the suit could be had,

is limited to cases "where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under, any State on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of their validity; or where any title, right, privilege, or immunity is claimed under the Constitution, or any treaty or statute of, or commission held or authority exercised under, the United States, and the decision is against the title, right, privilege, or immunity, specially set up or claimed, by either party, under such Constitution, treaty, statute, commission, or authority." The first section of Art. IV of the Constitution confers the right to have full faith and credit "given in each State to the public acts, records, and judicial proceedings in every other State." No such right, privilege or immunity, however, is conferred by the Constitution or by any statute of the United States in respect to the judgments of foreign states or nations, and we are referred to no treaty relative to such a right.

Neither expressly nor by necessary intendment was there asserted in the state court during the course of the litigation in question any claim on behalf of the insurance company of the possession of a right, etc., protected by the Constitution of the United States. Since, therefore, entirely aside from all question as to the correctness of the judgment below rendered, we are without authority to review the decision made by the state court, it results that the writ of error must be and it is dismissed for want of jurisdiction.

*Writ of error dismissed.*