Chief Judge Fuld.
The sole issue in this case is whether a party to a Mexican divorce may proceed in our courts to litigate the validity of the marriage which the divorce purportedly terminated. The claim has been made that the, judgment, of divorce is res judicata on. that issue. .
*406 According to the complaint, the parties are New York residents who in 1963 participated in a marriage ceremony conducted by the ‘ ‘ then Registrar of the Supreme Court of the Windward and Leeward Islands ” in St. George’s on the island of Grenada, British West Indies. In July, 1965, they entered into a separation agreement in New York and, the following month, they were divorced by a court in Ciudad Juarez, Mexico. The plaintiff husband appeared personally in the Mexican court, the defendant wife by attorney. The decree recited that it “dissolved *■ * * the marriage contracted by [the parties] * * * in St. Georges, British West Indies ” and “ approved * * * the Separation Agreement # * * which has been incorporated by reference into this decree ”.
“ Thereafter,” the plaintiff husband alleges, he discovered that the Registrar who performed the marriage in Grenada ‘1 was not a person authorized by law to perform marriage ceremonies ”, in consequence of which the marriage is said to be “null and void” under the applicable Grenada statutes.[1] He immediately repudiated the separation agreement and instituted a proceeding in the Mexican court which rendered the decree to vacate the judgment of divorce.
In December, 1965, the wife sued the plaintiff in the District Court of Nassau 'County for $1,250 in arrears under the separation agreement. He responded by commencing the present action in the Supreme Court for a declaratory judgment that that separation agreement was “null and void”. After the proceedings in the District Court had been removed and consolidated into those in the Supreme Court, the wife moved to dismiss the declaratory judgment action (CPLR 3211, subd. [a], par. 5) on the ground that the Mexican divorce decree was res judicata as to the validity of the marriage. The court at Special Term withheld passing on the motion pending the outcome of the proceedings in Mexico to vacate the decree.
*407 In March, 1966, the Mexican court denied the plaintiff’s petition for relief from the judgment of divorce on the ground that it had ‘[1] no power under Mexican law to reopen the original decree for any purpose whatsoever According to an affidavit by the plaintiff’s Mexican counsel contained in the record on on appeal,
‘ ‘ Under Mexican law, a final judgment of divorce made by a Court is final and conclusive for all purposes. There is no procedure for reopening the decree to admit new evidence to correct mistakes * * * even though had such evidence been before the Court, a decree would not have been granted * * *.
“ Our statutes make no provisions for appeal or review in cases of this nature and there is therefore no means of obtaining a judicial determination by a Mexican Court of the nullity of the decree of divorce ”.
However, the lawyer further asserted, and it stands uncontradicted on the record now before us,
‘ ‘ neither party would be barred by the [Mexican'] doctrine of res judicata from litigating in a separate proceeding the validity and effect of a separation agreement incorporated by reference in a divorce decree. ’ ’
The wife renewed her motion to dismiss the complaint in the present proceeding’ and the court denied it on the ground that, although the divorce decree recites that ‘ the parties were validly married ”, the “ allegation was not contested ” and the ‘ ‘ husband should not be estopped ’ ’ from litigating the issue now since, under Mexican law, “ he has no means of attacking [the] decree directly.” On appeal, a closely divided Appellate Division reversed the resulting order ‘ ‘ under constraint of Statter v. Statter (2 N Y 2d 668 ).”[2]
In the Statter case (2 N Y 2d 668, supra), some two years after a husband successfully sued his second wife in our courts for a separation, the latter brought suit against him for an annulment, alleging that he had never been validly divorced from his first wife. He asserted, in defense, that the separation decree *408 was res judicata on the issue of the validity of his second marriage. In sustaining the husband’s position, we held that (2 N Y 2d, at p. 672) “ a judgment of separation establishes the existence of a valid and subsisting marriage between the parties [and] * * * this is true despite the fact that no clash or controversy surrounded the issue and that it was found on the basis of an admission in the pleading.” We went on to observe (p. 675) that “ If there has been evidence discovered since the trial the law makes appropriate provision by way of motion in the first proceeding.”
Although Statter involved the conclusive effect of a separation decree in a subsequent annulment proceeding, the principle there announced would appear to apply with equal force if the first judgment were for divorce instead of separation. (See Frost v. Frost, 260 App. Div. 694; Ann., 149 A. L. E. 1195.) Nor should it matter, as a general rule, that we are dealing here with an earlier judgment rendered by a Mexican court rather than by a court of our own or a sister state. While “ we are under no constitutional compulsion to give full faith and credit” to the judgment of a court of a foreign nation (Rosenstiel v. Rosenstiel, 16 N Y 2d 64, 73; see Rosenbaum v. Rosenbaum, 309 N. Y. 371, 375; Gould v. Gould, 235 N. Y. 14, 24-30; Aetna Life Ins. Co. v. Tremblay, 223 U. S. 185, 190), we frequently recognize such a judgment “as a matter of comity”. (Rosenstiel v. Rosenstiel, 16 N Y 2d 64, 74, supra; see Fabrikant v. Fabrikant, 19 N Y 2d 154; International Firearms Co. v. Kingston Trust Co., 6 N Y 2d 406, 411.)
Nevertheless, even though the case before us approximates in many respects the situation which existed in Statter v, Statter (2 N Y 2d 668, supra), there is a significant difference between the two cases which makes the Statter decision inapplicable here. As already indicated, our determination in that case was grounded in part on the fact that relief from the earlier judgment of separation was available ‘ by way of motion in the first proceeding ” (2 N Y 2d, at p. 675). The plaintiff before us has already tried in vain to obtain such relief from the Mexican court which rendered the judgment of divorce. Unlike our own courts which have power to “ relieve a party from [a judgment] * * * upon the ground of * * * 11 ewly-d iscover ed evidence ” (CPLE 5015, subd. [a]), the courts *409 of Mexico do not have jurisdiction or power to vacate their own divorce decrees for any reason at all. Under these circumstances, Statter does not point the way to the proper result in the case before us since the only way the plaintiff could get the relief to which he may be entitled would be by way of a collateral attack on the judgment.
In point of fact, it would appear that the principles of res judicata which obtain in Mexico would not bar the plaintiff from collaterally attacking the decree there if the defendant could be brought within the jurisdiction of the Mexican courts. Since the rendering nation would permit such an attack, it follows that the plaintiff ‘ ‘ may collaterally attack [the decree] in our courts ” and litigate the validity of the marriage which the divorce purportedly terminated. (Magowan v. Magowan, 19 N Y 2d 296, 299; see Bata v. Bata, 39 Del. Ch. 258, 282-291 [Del. Sup. Ct. ], cert. den. 366 U. S. 964.) Generally, there is no reason to give more conclusive effect to a foreign judgment than it would be accorded by the courts of the jurisdiction which rendered it.[3]
The order of the Appellate Division should be reversed, without costs, and the order of the Supreme Court, New York County, denying the defendant’s motion to dismiss the complaint, reinstated.

. The record does not indicate the precise nature of the defect in the Registrar’s authority to officiate at the wedding. We simply note that the question as to the validity of the ceremonial marriage between the parties must be decided under the law of Grenada and that it will also be for the trial court to determine whether the parties subsequently lived together as man and wife in a jurisdiction which recognizes common-law marriages. (See Shea v. Shea, 294 N. Y. 909.)

. Since the defendant’s motion to dismiss was ibased solely on res judicata (CPLR 3211, subd. [a], par. 5), we need not now consider the sufficiency of the complaint (CPLR 3211, subd. [a], par. 7).

. Under some circumstances, there may very well be good reason to give less conclusive effect to the judgments of the courts of foreign countries. (See Restatement, Second, Conflict of Laws [proposed Official Draft, Part I, May 2, 1967], § 115, comment f; Reese, The Status in This Country of Judgments Rendered Abroad, 50 Col. L. Rev. 783, 790-800; Smit, International Res Judicata and Collateral Estoppel in the United States, 9 U. C. L. A. L. Rev. 44, 71-72.)