■ In the Matter of JOAN N. CALDER, Appellant, v WILLIAM H. WOOLVERTON, Respondent.—In a proceeding by the petitioner mother *inter alia* for an award of exclusive custody of her infant daughter and, in effect, to modify the provisions of a separation agreement which conferred joint custody, in which the defendant cross-moved for similar relief, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered January 27, 1975, which, after a nonjury trial, *inter alia* (1) dismissed her petition, (2) granted defendant's cross motion and (3) modified the separation agreement accordingly. Judgment affirmed, with costs. We agree with the trial court's conclusion that the best interests of the 15-year-old child involved in this case will be served by giving her father full custody. This conclusion is supported by many factors, including the stable and harmonious family life which the child enjoys with her father, the prior decisions of each of her three brothers while infants (now all adults and, apparently, well-adjusted) to live with their father; the court-ordered psychiatric report which concluded, after examination of the several parties, including the daughter, that "there is no question that Celia's [the daughter's] interests would be best served if she were to remain with the [father]"; the trial court's own observation of the parties; and, finally, the clear preference of the child to live with the father. We recognize that this last factor is not determinative (see *Dintruff v McGreevy,* 34 NY2d 887), but it obviously should be considered when, as here, the child is not of tender years. The *Dintruff* case *(supra)* is clearly distinguishable from this one not simply because there the children were only 13 and 8 years of age, but because

there the award of custody to the father ended eight years of custody with
the mother. The court, in *Dintruff,* warned that subjective changes in the
children or objective changes in the family relationships should not be
followed automatically by changes in custody, because "The rearing of a
child requires greater stability than a roller-coaster treatment of custody"
*(supra,* p 888). In contrast, here, the child's custody was being exchanged
every three months. We feel the present award, which also provides liberal
visitation rights for the mother, will now supply rather than hinder the
required stability. Hopkins, Acting P. J., Christ and Munder, JJ., concur;
Martuscello, J., dissents and votes to modify the judgment by denying both
the petition and the cross motion, with the following memorandum, in
which Cohalan, J., concurs: The joint custody arrangement, as provided for
in the separation agreement, should not be disturbed. The behavior and
attitudes of the parties, much of which is to be deplored, have not been of
such nature as to constitute a forfeiture by *either* parent of the agreed-upon
custody arrangements as set forth in the separation agreement. The ex-
pressed choice of the then 13½-year-old child would be more significant if it
were necessary to determine whether she must remain with one parent or
the other. That is not the issue. The objective circumstances in this case
have made peculiarly fitting the alternation of custody in three-month
periods; it had worked well for more than 10 years. The subjective factors,
important as they are, have caused no emotional damage to the child, who
is indeed fortunate to be the recipient of loving care from her parents and
stepparents. Matters which loom large in the mind of a 13-year-old girl, and
which may have played an important part in her stated choice of the parent
with whom she desires to live, may seem less important as she matures, and
"The subjective changes in the children or the objective changes in the
family relationships should not be followed automatically by changes in
custody" *(Dintruff v McGreevy,* 34 NY2d 887, 888). The prior decisions of
the three sons to live with their father are not relevant except that such
decisions, per se, may have had a "me too" effect upon this young girl, who
has a great deal of respect for her brothers and a loving relationship with
them. The record clearly shows that the mother's relations with her only
daughter and youngest child are far different from her relations with her
sons. The mother has indeed been a loving parent to her daughter. The
resentments expressed by the latter are not atypical of the growing pains of
a young teenage girl. They clearly are within the realm of normality. It is to
be noted that the child is scheduled to attend boarding school in the fall of
1975. This fact would, in any event, require modification of the alternate
custody periods, but this should be done in the spirit of *equal* custody rights
when she is not at school.