■ Thomas Macari, Appellant, v Rose M. Macari, Respondent.—In an action in which the plaintiff husband was granted a judgment divorcing him from defendant and awarding him custody of the infant issue of the marriage, plaintiff appeals from an order of the Supreme Court, Queens County, entered May 23, 1975, which (1) granted defendant's motion to amend the judgment and awarded custody of the infant to her, with visitation rights to plaintiff, (2) awarded defendant a counsel fee of $1,200 and (3) denied his cross motion to restrict defendant's visitation rights. Order modified by deleting the first two decretal paragraphs thereof (which granted defendant's motion and awarded her a counsel fee) and by substituting therefor a provision that defendant's motion is granted only to the extent that a hearing is directed to be held on the question of whether visitation rights to defendant should be enlarged. As so modified, order affirmed, without costs. Defendant abandoned plaintiff and their three-year-old son in 1971 and later entered into a stipulation, in connection with this divorce action, in which she consented to an award of permanent custody of the child to plaintiff. She thereafter married the man for whom she had abandoned her husband. As stated by Special Term, "she now has a certain emotional balance and maturity that was previously lacking [and] has now stabilized her life and settled down." Plaintiff also has remarried and at all times has furnished stability, warmth and security to the infant son, now

seven, who has a close relationship with his stepmother and stepbrothers. The child has flowered in his present environment and family relations. Although the mother *now* (as well as the father *at all times)* would be a suitable parent, this alone does not constitute a change of circumstances sufficient to warrant a transfer of custody *(Dintruff v McGreevy,* 42 AD2d 809; *People ex rel. Foussier v Uzielli,* 23 AD2d 260, affd 16 NY2d 1057). Under the circumstances present in this case, defendant is not entitled to an award of a counsel fee (cf. *People ex rel. Foussier v Uzielli, supra,* p 265). The present emotional stability of defendant may warrant more liberal visitation than was set forth in the stipulation signed by the parties in 1972. We, therefore, remit the motion to Special Term for a determination solely of that issue, without prejudice to an application by defendant to Special Term for an award of a counsel fee in connection therewith. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.