■ Pierre E. Mouscardy, Appellant, v Nicole Mouscardy, Respondent.—In an action for annulment, the plaintiff husband appeals from a judgment of the Supreme Court, Queens County, dated December 18, 1975, which, after a nonjury trial, *inter alia,* dismissed the complaint, directed him to pay alimony and child support in amounts to be determined by the Family Court and awarded custody of the infant issue of the marriage to defendant. Judgment modified, on the law, by deleting therefrom the second and fourth decretal paragraphs and by substituting therefor a provision remanding the action to the Family Court for a determination of the question of custody of the infant issue of the marriage and, if necessary, the amount of child support to be paid by plaintiff to defendant. As so modified judgment affirmed, without costs or disbursements. No questions of fact were considered on this appeal. Plaintiff, a New York resident, procured a unilateral Mexican divorce in 1960. He married defendant in 1964 in Jamaica, British West Indies. When he applied to the Jamaican authorities for a permit to marry, he presented a copy of his Mexican divorce. In 1973 plaintiff procured a unilateral Haitian divorce; he has fathered three children by defendant. Allegedly being advised that the latter decree was invalid, he commenced this action to annul his marriage to defendant upon

the ground that the Mexican divorce decree was legally ineffectual in New York and that he was still married to his first wife when he married defendant. Special Term held that it would not apply the doctrine of estoppel to plaintiff's claim of invalidity of the Mexican decree (since "the credible, believable evidence does not indicate definitively that plaintiff made any direct misrepresentation as to the validity of his Mexican divorce to defendant"), but it held that the judgment of divorce which plaintiff obtained from the Haitian court was *res judicata* as to the validity of his Mexican divorce (see *Statter v Statter,* 2 NY2d 668; *Schoenbrod v Siegler,* 20 NY2d 403, 408). Further, held Special Term, the validity of plaintiff's second marriage is governed by the law of Jamaica and plaintiff did not meet his burden of proving that, under Jamaican law, a unilateral Mexican divorce is invalid, especially since there is a strong presumption favoring the validity of marriages and the legitimacy of children of such marriages. We agree with Special Term's reasoning and conclusion and affirm insofar as the judgment dismissed the complaint. In the course of the trial, it appeared that the issue of custody of the infant issue, *inter alia,* was being tried in the Family Court, that the record in the latter court was complete except for the examination of the psychiatrist who had issued a report to the Family Court and that the parties had stipulated, in writing, that the issues of custody and support were to be tried in the Family Court. This stipulation was admitted as an exhibit on the trial herein. Pursuant thereto, neither party submitted evidence on these issues. Nevertheless, Special Term awarded custody of the children to defendant (although it referred to the Family Court the issue of the *amount* of support). We believe that this was improper in view of the fact that both parties relied upon the stipulation, that the trial court had not indicated that it would rule on this issue and that, in fact, the record is barren of evidence upon which any determination of custody could have been made. Gulotta, P. J., Hopkins, Latham, Margett and Shapiro, JJ., concur.