■ In the Matter of ROBERT T. (ANONYMOUS), a Person Alleged to be a Juvenile Delinquent, Appellant.—Appeal from an order of the Family Court, Kings County, dated August 4, 1975, which, upon a determination that appellant was a juvenile delinquent, made after a hearing, suspended judgment. Order affirmed, without costs or disbursements. The hearing court was warranted in finding beyond a reasonable doubt that the object possessed by the appellant, characterized as a "saber like type of knife", and a sword knife, with a 10- to 14-inch length, was a "dangerous knife" within the meaning of section 265.05 of the Penal Law (see *People v Kinred,* 18 AD2d 1086). Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

■ In the Matter of RICHARD TALMADGE, Respondent, v CYNTHIA TALMADGE, Appellant.—In a proceeding to determine custody of the parties' minor children, the appeal is from an order of the Family Court, Westchester County, dated July 10, 1975, which, after a hearing, *inter alia,* awarded custody to the petitioner father. Order affirmed, without costs or disbursements. On the record, appellant's assumption that the Family Court based its award of custody to the father solely on the confidential reports and other documentation which were received by the court pursuant to stipulation is unwarranted. The trial court announced its decision at the conclusion of a hearing at which it heard the testimony of the parties, of the older daughter, and of numerous witnesses, including friends and neighbors of the parties and the children's physician. The Family Court's failure to make findings is not a fatal defect. Where the record in a nonjury case is complete, we may provide the findings which the record permits *(Keklak v Keklak,* 49 AD2d 926). There is ample support in the record for a finding that it is in the best interests of the children that custody be placed in the father. In these cases, the decision of the nisi prius court is entitled to the greatest respect *(Matter of Irene O.,* 38 NY2d 776). Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

■ A. HENRY JOHNSON et al., Doing Business as KNAPPE AND JOHNSON, Appellants, v SALVATORE COCO et al., Doing Business as COCO AND SMITH, Respondents.—In an action to recover damages for wrongful interference with a contractual obligation, plaintiffs appeal from an order of the Supreme Court, Suffolk County, dated December 23, 1975, which granted defendants' motion to preclude them from offering evidence as to any matter demanded in Item No. 8 of the defendants' demand for a bill of particulars. Order modified, in the interests of justice and in the exercise of discretion, by adding to the decretal provision thereof the following: "unless plaintiffs serve a supplemental bill of particulars upon the defendants in response to item 8 of their demand, in which event the motion is denied". As so modified, order affirmed, without costs or disbursements. The plaintiffs' time to serve the supplemental bill of particulars is extended until 20 days after service upon them of a copy of the order to be entered hereon. In our opinion, the modification will serve the interests of justice. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.