■ NICOLETTE LAVEGLIA, Respondent, v JOSEPH LAVEGLIA, Appellant.— In a matrimonial action in which the defendant husband had been granted a judgment of divorce, he appeals from an order of the Supreme Court, Kings County, dated July 6, 1976, which, *inter alia,* granted plaintiff's motion to amend the said judgment by awarding custody of the infant issue of the marriage from defendant to plaintiff. Order reversed, on the law, without costs or disbursements, and motion denied. The findings of fact, save for the finding that plaintiff intended the change of custody to defendant to be temporary, are affirmed. The defendant originally obtained custody when the plaintiff, shortly after their separation, voluntarily gave him their nine-month-old child. The first and paramount concern of the court in determining custody is the best interest and welfare of the child (cf. Domestic Relations Law, § 70). Under the circumstances herein, the infant's interests and welfare will best be served by the defendant retaining custody. The proof offered at the hearing on plaintiff's motion to change custody failed to show that any harm to the child would result if he remained in defendant's custody; nor did it reveal defendant to be an unfit custodial parent (see *Mantell v Mantell,* 45 AD2d 918; *Matter of Feldman v Feldman,* 45 AD2d 320). The change in circumstances which would justify a transfer of custody does not mean a change for the better on the part of the noncustodial parent *(Macari v Macari,* 50 AD2d 818). In the absence of proof showing that defendant forfeited his right to maintain custody, it was error to grant

plaintiff's motion (see *Matter of Ebert v Ebert,* 38 NY2d 700). Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.