■ Tomasa Negron et al., Appellants, v Samuel Feldman Poultry, Inc., Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from so much of an order of the Supreme Court, Kings County, dated January 28, 1977, as, upon reconsideration, adhered to its prior determination which denied plaintiffs' motion for a general preference. Order reversed insofar as appealed from, with $50 costs and disbursements, and, upon reconsideration, motion for a general preference granted. In this case the undisputed injuries are a comminuted intra-articular fracture of the distal left radius and left ulna. There is a claim by plaintiffs that a protracted period of healing is involved, with residual stiffness and pain, likely to be of a permanent nature. Special damages of $1,476 are alleged. Under the circumstances, a general preference should have been granted. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

■ Jon L. Pino, Appellant, v Beverly E. Pino, Respondent.—In a matrimonial action, plaintiff appeals from an order of the Supreme Court, Kings County, dated March 22, 1977, which, inter alia, modified the provisions of a prior judgment of divorce by awarding custody of the infant issue of the parties to the defendant-respondent. Order reversed, without costs or disbursements, and action remanded to Special Term for the taking of further proof concerning the best interests of the infant of the marriage, taking into consideration all factors relevant thereto, including, but not limited to, her imminent communion, and for the making of a new determination. In our view, the hearing at Special Term did not develop all of the factors to be considered in changing the custody of an eight-year-old child (she is now nine years of age) from that of her father to her mother within the guidelines of established authority (see Matter of Ebert v Ebert, 38 NY2d 700, 702, 704; cf. Matter of Bennett v Jeffreys, 40 NY2d 543, 549; see, also, Matter of Gomez v Lozado, 40 NY2d 839). Preferences for custody enunciated by infants below 13 years of age are not determinative of their best interests (Matter of Calder v Woolverton, 50 AD2d 587, affd 39 NY2d 1042). Custody of a child is not a right exclusive to either parent (see Domestic Relations Law, §§ 70, 240), and custody may properly be awarded to a father where the evidence indicates that the best interests of the child will be served thereby (People ex rel. Kleppe v Cuisinier, 279 App Div 1037; Matter of Talmadge v Talmadge, 54 AD2d 581; La Veglia v La Veglia, 54 AD2d 727). At bar, the hearing failed to delve into all of the circumstances, educational, religious and health, which might affect the infant upon the change of her custody; these should be developed at the rehearing and evaluated within the caveats pronounced by the Court of Appeals (see Matter of Bennett v Jeffreys, supra, pp 549, 550). For the foregoing reasons, we hold that there should be a new hearing in this matter, and that, until the basic issue of the best interests of the infant are more fully examined, her custody shall continue as heretofore. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.