■ In the Matter of NICOLE MOUSCARDY, Appellant, v PIERRE MOUSCARDY, Respondent.—On the court's own motion, its decision and order, both dated April 24, 1978, are vacated and recalled, and the following substituted decision is rendered: In a custody proceeding, the appeal is from an order of the Family Court, Queens County, dated January 13, 1977, which, after a hearing, awarded custody of two of three minor children to the respondent father. Order affirmed, without costs or disbursements, and proceeding remanded to the Family Court to (1) fix the amount of alimony and child support for the parties' son, Tom, who remains in petitioner's custody and (2) make a determination as to an award of counsel fees in the custody proceeding. Pending such determination, the respondent is directed to pay petitioner the sum of $25 per week as alimony and $25 per week as child support. Petitioner is granted leave to apply *de novo* to Special Term for counsel fees with respect to the annulment action. The parties were married in 1964 and, during the marriage, produced three children: Lisa, who is presently 12 years old; Carol, who is presently 10 years old; and Tom, who is presently 3 years old. Marital problems developed and the parties separated in 1970, although there were subsequent periods of reconciliation (respondent initially challenged the paternity of the child Tom, born in 1974, but now concedes the child is his). In 1975 the respondent commenced an action in the Supreme Court, Queens County, to annul the marriage upon the ground that a Mexican divorce decree which had dissolved his prior mar-

riage was allegedly invalid. At about the same time, the petitioner commenced a proceeding in the Family Court, Queens County, for support for herself and Tom, as well as for a declaration of Tom's paternity. In the course of the proceeding, the Family Court, on February 14, 1975, in a temporary support order, directed that the respondent pay the sum of $25 per week for the support of petitioner and the child. The Supreme Court, by judgment dated December 18, 1975, dismissed the annulment action, awarded custody of the three children to petitioner, and referred collateral questions of alimony, child support and counsel fees to the Family Court. That latter court, in turn, by an order dated January 16, 1976, referred those identical questions back to the Special Term of the Supreme Court for consideration. With respect to the annulment action, this court affirmed the dismissal of the complaint, but modified the judgment to the extent of remanding the matter to the Family Court "for a determination of the question of custody of the infant issue of the marriage and, if necessary, the amount of child support to be paid by plaintiff to defendant" based upon the complicated circumstances of the case (Mouscardy v Mouscardy, 52 AD2d 841). As to the Family Court order referring those same questions back to the Supreme Court, this court remitted the proceeding to the Family Court for a further hearing on the custody question, citing the "peculiar history of the proceedings" (see Matter of Mouscardy v Mouscardy, 52 AD2d 849). Upon remand, the Family Court, by the order under review, awarded custody of the two girls to the respondent, after a hearing and the submission of updated reports of a psychologist and psychiatrist. The Family Court failed, however, to provide for child support, alimony or counsel fees. We agree with the Family Court that the respondent father should be awarded custody of the two older children, Lisa and Carol, subject to liberal visitation for the petitioner. The cardinal rule in the determination of custody disputes between divorced parents is, of course, the protection of the best interest and welfare of the children (Domestic Relations Law, § 70; Matter of Bennett v Jeffreys, 40 NY2d 543, 547; Obey v Degling, 37 NY2d 768, 769; Entwistle v Entwistle, 61 AD2d 380). The weight of the credible evidence establishes that the petitioner may well be less fit to be a custodial parent owing to certain psychological problems. Furthermore, the two older girls have resided with the respondent since 1974, as well as during other earlier period, and a change in custody at this late stage would serve to seriously disrupt their lives. Finally, the girls have expressed a decided preference to stay in their father's Hempstead home. While their wishes are not controlling, nevertheless such wishes are one factor for the Family Court to consider (see Pino v Pino, 57 AD2d 919; Hughes v Hughes, 37 AD2d 606). With respect to alimony and child support for Tom, the failure of the Family Court to provide for either operates to continue the Family Court order of February 14, 1975. However, petitioner's testimony at the hearing raises serious doubts as to whether such a modest award is adequate in the light of petitioner's current financial circumstances. This is particularly true inasmuch as the respondent fully admitted that he has failed to carry out his support obligation as it presently exists. Finally, the failure of Family Court to provide for counsel fees to petitioner with respect to the Family Court support and custody proceedings constitutes an improvident abuse of discretion. This is so in the light of the long and tortuous history of this litigation, as well as the disparity in the financial condition of the parties. With respect to counsel fees for the annulment action, Special Term's direction, in its judgment of December 18, 1975, that the Family Court make that award, was founded on an error of law. The Family Court is a

court of limited jurisdiction with power to entertain only such applications as are specifically enumerated in the Constitution or in an appropriate statute (see NY Const, art VI, § 13, subd c; Domestic Relations Law, § 251; Family Ct Act, § 115, subd [b]; §§ 467, 651, subd [a]; *Matter of Borkowski v Borkowski,* 38 AD2d 752; *Clune v Clune,* 57 AD2d 256, 257). While the power of the Family Court to grant counsel fees in referred *custody* cases has been upheld upon the language of section 467 of the Family Court Act, that "the family court shall have jurisdiction to determine such applications with the same powers possessed by the supreme court" (see *Matter of Kapzynski v Kapzynski,* 30 AD2d 962, mot for lv to app den 23 NY2d 643; see, also, 12B Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac, Family Court Proceedings, § 49.01 [3], p 49-10), this has never been expanded to allow counsel fees in referred annulment actions, for want of an analogous provision in the Family Court Act. Titone, J. P., Suozzi, Margett and O'Connor, JJ., concur.