■ SHARON FRIEDERWITZER, Appellant, v ELLIOTT FRIEDERWITZER, Respondent. — In a matrimonial action in which the plaintiff wife has been granted a judgment of divorce, she appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, entered November 7, 1980, as, upon motion of the defendant husband, modified the judgment by striking the provisions that plaintiff and defendant shall have joint custody of the infant issue of the marriage and that defendant shall pay child support, and inserted directions that the defendant shall have custody and control of both of said issue and that the plaintiff shall have certain specified visitation rights. Order modified by deleting so much thereof as specifies the visitation rights of the plaintiff. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term to determine the visitation rights of the plaintiff in accordance herewith. Pending the new determination, plaintiff shall be permitted visitation in accordance with the provisions in the order under review. The evidence adduced at the hearing supports the conclusion of Special Term that the best interests of the children will be served if they are in the custody of the defendant for essentially the reasons set forth in the

memorandum of that court. However, without stating its rationale, Special Term granted the plaintiff less visitation rights than were granted to the defendant pursuant to the separation agreement. Since, in our view, the record does not support the award to plaintiff of less visitation than the defendant enjoyed under the separation agreement, we remand to Special Term to make a new determination of the plaintiff's visitation rights, perhaps on consent of the parties, bearing in mind that the plaintiff should be afforded visitation rights equivalent to those enjoyed by the defendant under the separation agreement as long as the exercise of such rights will not result in such undue inconvenience that the best interests of the children would suffer. Finally, we note that defendant testified at the hearing to the effect that he would marry a resident of Florida a short time after the completion of the hearing and that his intended wife had two children of her own. However, the nature of the relationship, if any, between the children and their prospective stepmother and siblings was not explored at the hearing, probably because it would have been premature to do so. Accordingly, we add that under the circumstances of this case, nothing we say here should be interpreted to prevent a future application by the plaintiff for a change in custody based upon a claim that the nature of the relationship between the children and their stepmother and her children, as it has developed, warrants such a change. Hopkins, J.P., Mangano and Margett, JJ., concur.

Weinstein, J., dissents and votes to reverse the order insofar as appealed from and deny defendant's motion, with the following memorandum: I dissent from the holding of the majority which affirms the transfer of joint custody of the children (physical custody being with the mother) to sole custody with the father. Custody of children already residing with one parent pursuant to an agreement should not be transferred absent extraordinary circumstances (see *Corradino v Corradino,* 48 NY2d 894; *Matter of Nehra v Uhlar,* 43 NY2d 242; *La Veglia v La Veglia,* 54 AD2d 727), and I can find no such extraordinary circumstances in the record here. The mother, while perhaps not entirely faultless as a parent, acted with reasonable concern for her daughters' welfare, and there were no actions or incidents as to justify the extreme judicial remedy of transference of custody. The father, on the other hand, exercised his rights to visitation only sparingly, and not at all during one two and one-half month period. The father, who is remarried to a woman with two children of her own, now seeks to remove his daughters from the custody of their mother, his former wife, and to place them in a blended family relationship in which they would share parental affections with two step-siblings. Although the parties' older daughter expressed a preference to reside with her father, the courts have held that the custody preferences of a child of tender years need not be given a great deal of weight, in light of the inability of such a child to perceive what is truly in his or her best interests (see *Matter of Ebert v Ebert,* 38 NY2d 700; *Bunim v Bunim,* 298 NY 391). In light of these considerations, I cannot concur in this decision removing the children from their mother's custody.