■ SUSAN L. CELLA, Respondent, v JOHN T. CELLA, Appellant. — In a matrimonial action, defendant husband appeals from an order of the Supreme Court, Putnam County (Beisheim, J.), dated July 14, 1980, which, after a hearing, *inter alia,* granted plaintiff wife's application to modify that portion of a separation agreement and judgment of divorce which awarded temporary custody of the parties' two children to him so as to award temporary custody to plaintiff. Order reversed, without costs or disbursements, plaintiff's application denied and matter remitted to the Supreme Court, Putnam County, for further proceedings consistent herewith. The parties were married in July, 1973 and have two children, now aged five and seven years, respectively. The defendant father has had exclusive custody of the children since December, 1978 (plaintiff was admittedly suffering from physical and psychological difficulties at that time). By a separation agreement dated September 24, 1979 defendant was awarded temporary custody. A judgment of divorce dated December 28, 1979 provided that the separation agreement would not merge in the divorce judgment and that custody would continue with the defendant. On May 6, 1980 plaintiff moved, *inter alia,* for an order directing that she be awarded custody. She remarried on May 21, 1980, just prior to the hearing to determine custody. Where the facts indicate that the present custodian of the children is not unfit, or likely to become so, and there are no material factors which indicate a change of circumstances such as to warrant transfer of custody, it is error to award custody to the noncustodial parent. The fact that the mother has now become a suitable parent does not constitute a change of circumstances sufficient to warrant transfer of custody (see *Macari v Macari,* 50 AD2d 818). However, in view of the fact that defendant and the children now permanently reside in another State, the provisions in the separation agreement and judgment of divorce delineating plaintiff's visitation rights should be reviewed, and we therefore remit the matter to the Supreme Court,

Putnam County, for a hearing and determination solely as to the question of plaintiff's visitation rights. Titone, J.P., Gibbons, Gulotta and Margett, JJ., concur.