**In the Matter of the Petition for Registration of a
Foreign Judgment of Adoption by
PUA'AELO PUAILOA and FA'AMANU PUAILOA, Petitioners**

High Court of American Samoa
Trial Division

FJ No. 01-89
FJ No. 02-89

October 25, 1989

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and MATA'UTIA, Associate Judge.

Counsel:  For Petitioners, Charles V. Ala'ilima
For American Samoa Government as Amicus Curiae, Tauivi Tuinei, Assistant Attorney General

Pua'aelo and Fa'amanu Puailoa petition, under the Uniform Enforcement of Foreign Judgments Act, A.S.C.A. §§ 43.1701 et seq.

(hereinafter "the Act"), for the "registration" of two adoption decrees issued by the Magistrate's Court of Western Samoa. Specifically, petitioners point to A.S.C.A. § 43.1702 for the proposition that judgments of the courts of Western Samoa are entitled to full faith and credit in American Samoa.[1]

We disagree. The section cited merely defines the scope of the Act as extending only to those foreign judgments "entitled to full faith and credit in American Samoa." The enactment does not say which foreign judgments are entitled to full faith and credit in American Samoa. In order to determine this we need to look to other law.

"Full faith and credit" is a term of art referring to a specific provision under the United States Constitution.[2] The Constitution, as supplemented by legislation,[3] does not apply to judgments of foreign countries. *Aetna Life Ins. Co. v. Tremblay*, 223 U.S. 185 (1922). Rather,

> [t]he extent to which the law of one nation . . . shall be allowed to operate within the dominion of another nation, depends on . . . 'the comity of nations.' 'Comity' in the legal sense, is neither a matter of absolute obligation . . . nor of mere courtesy and good will. . . . It is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights

---

[1] For purposes of the Act, the term "foreign judgment" means any judgment of a court of the United States or of any other court which is entitled to full faith and credit in this territory. A.S.C.A. § 43.1702.

[2] Article IV, § 1 of the Constitution requires that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, and Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof.

[3] Congress did exercise its delegated power to implement the provisions of Art, IV, § 1, which resulted in 28 U.S.C. § 1738, which in pertinent part reads:
    Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such States, Territory or Possession from which they are taken.

> of its own citizens, or of other persons who are under
> the protection of its laws.

*Hilton v. Guyot*, 159 U.S. 113, 16 S Ct. 139, 143 (1895). Thus a judgment of a court of Western Samoa, while not entitled to full faith and credit under organic law (nor under the Act), may nonetheless be recognized in the Territory because of the "comity" due from one nation to another, and to its courts and judgments. The recognition of any particular judgment of a foreign court is dependent on wide ranging local policy considerations. Thus in different circumstances, for example, a foreign divorce decree may or may not be recognized and enforced. *See, e.g., Sangiovanni Hernandez v. Dominicana de Aviacion*, 556 F.2d 611 (1st Cir. 1977); *Pentz v. Kuppinger*, 107 Cal. Rptr. 540 (Cal. App. 1973); *Rosenbaum v. Rosenbaum*, 130 N.E.2d 902 (N.Y. App. 1955). Moreover, '"[t]o actuate the doctrine of judicial comity or reciprocity, the foreign judgment must partake of the elements that would support it if procured in this country."' *Pawley v. Pawley*, 46 So.2d 464, 468, (Fla. 1950), *cert. denied* 340 U.S. 866, quoting *Ogden v. Ogden*, 33 So.2d 870, 874 (Fla. 1947). That is, a foreign proceeding must in essence comport with our notions of due process. *Ogden v. Ogden*, 33 So.2d at 874.

The precise effect a Western Samoa adoption decree should have in American Samoa is an issue involving serious questions of law and of public policy. The answer to some of these questions might depend heavily on the facts of the particular case before the Court. For instance, to deprive a child of his share in his inheritance on the ground that his deceased parent had adopted him in a foreign country would seem directly contrary to policies underlying the law of intestacy. At the other extreme, a "no questions asked" approach would almost certainly encourage resort by residents of American Samoa to extraterritorial proceedings as a means of evading due process safeguards imposed by the United States Constitution with regard to termination of the rights of natural parents. This would be contrary not only to sound policy but also to law.

We cannot decide the present case on its facts because we are told nothing about the facts. The petitioners are essentially seeking something in the way of a blanket declaration to the effect that Western Samoan adoption decrees ought to be given full faith and credit in American Samoa. At the same time, the petitions are conspicuously unrelated to any underlying rights at stake requiring "enforcement" in the Territory. They are properly subject to dismissal. No factual basis

24

sufficient for an extension of comity has been shown to be present in this case. The petitions are hereby dismissed.

It is so Ordered.