**Toshiko Sasai MORI, Plaintiff and Respondent,**

v.

**Gordon Wayne MORI, Defendant and Petitioner.**

No. 950331.

Supreme Court of Utah.

Jan. 28, 1997.

Brian C. Harrison, Provo, for plaintiff and respondent.

Brent D. Young, Provo, for defendant and petitioner.

## ON CERTIORARI TO THE UTAH COURT OF APPEALS

RUSSON, Justice:

We granted certiorari to review a decision of the court of appeals holding that plaintiff's complaint failed to state an actionable claim and remanding the case to the trial court for further proceedings. *Mori v. Mori*, 896 P.2d 1237, 1238 (Utah App.), *cert. granted*, 910 P.2d 425 (Utah 1995). We are also asked to review the court of appeals' holding that the trial court did not abuse its discretion in allowing alternative service of process upon defendant by serving his secretary, receptionist, or wife. *Id.* We reverse.

## FACTS

Toshiko Sasai Mori and Gordon Wayne Mori were married in Utah on April 23, 1983. They subsequently moved to Japan, where, several years later, they were divorced by decree of the Tokyo Family Court. After the divorce, Mrs. Mori moved to Utah and Mr. Mori moved to England. In Utah, Mrs. Mori filed a complaint against her former husband, seeking to register their Japanese

divorce decree, pursuant to the Utah Foreign Judgment Act, sections 78–22a–1 to –8 of the Utah Code.[1]

Mr. Mori, by special appearances, made several jurisdictional challenges to the complaint, which were denied by the trial court. First, the trial court denied Mr. Mori's challenge to the trial court's jurisdiction on the basis that alternative service of process was defective under rule 4 of the Utah Rules of Civil Procedure. Subsequently, the trial court ruled that it had general jurisdiction over Mr. Mori, finding that he was conducting substantial and continuous activity in the state of Utah. The court further found that it had specific jurisdiction over Mr. Mori because Mr. Mori owned real estate in Utah, the parties were married in Utah, and the terms of the divorce decree included Mr. Mori's visitation rights in Utah. Mr. Mori subsequently pursued an interlocutory appeal to the court of appeals asserting that the trial court erred in allowing alternative service of process and in determining that it had general and specific jurisdiction over him.

On appeal, the court of appeals held that Mrs. Mori's complaint did not state a claim for which Utah courts can grant relief inasmuch as it sought to register the Japanese divorce decree in Utah and the Utah Foreign Judgment Act applies only to "foreign judgments of courts that are subject to the Full Faith and Credit Clause of the United States Constitution" and hence does not apply to foreign nations. 896 P.2d at 1240. The court of appeals went on to suggest that the only way the Japanese divorce decree could be enforced in Utah was under principles of comity. *Id.*

The court of appeals also held that the trial court did not abuse its discretion in allowing service of process upon Mr. Mori by personally serving his secretary, receptionist, or wife. 896 P.2d at 1238. Further, the court of appeals held that the trial court erred in asserting general jurisdiction over Mr. Mori because "[t]he contacts that Appellant has had with Utah since he left the state have not been 'substantial and continuous.'" 896 P.2d at 1239 (quoting *Arguello v. Industrial Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992)). The court of appeals suggested, however, that Mr. Mori might be subject to the personal jurisdiction of the court pursuant to Utah's long-arm statute "if Appellant committed in Utah 'the act giving rise to the claim,'" *id.* at 1239–40 (quoting Utah Code Ann. § 78–27–24(6) (Supp.1994)), but noted that Mrs. Mori "has not framed her complaint to state that Appellant committed an act in Utah, which act gave rise to her claim." *Id.* at 1240. Having held that the complaint failed to state a cause of action upon which relief could be granted, and having made the further holdings and statements referred to above, the court of appeals remanded the matter to the trial court for further proceedings. *Id.*

We granted certiorari to review the court of appeals' decision. Mr. Mori argues on certiorari that the court of appeals erred in remanding the case for further proceedings rather than ordering the trial court to dismiss the action for failure to state a claim upon which relief can be granted. He further argues that the court of appeals erred in ruling that the trial court did not abuse its discretion in allowing alternative service of process. Mrs. Mori responds that the court of appeals' decision to remand for further proceedings was consistent with Utah law and that the court of appeals correctly sustained service of process by alternative methods.

## ANALYSIS

◼ We first address Mr. Mori's assertion that the court of appeals erred in remanding the case for further proceedings after concluding that Mrs. Mori's complaint did "not state a claim for which Utah courts can grant relief." *Mori*, 896 P.2d at 1240. Ordinarily, the issue of whether a party has brought an actionable complaint is raised before the trial court in a motion to dismiss pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure. However, in this case, the court of appeals recognized sua sponte plaintiff's failure to state an actionable claim. *See Mori*, 896

---

1. A more detailed recitation of the facts is provided by the court of appeals' decision. *See Mori v. Mori*, 896 P.2d 1237, 1238 (Utah App.), *cert. granted*, 910 P.2d 425 (Utah 1995).

P.2d at 1240. Whether a party's failure to state an actionable claim requires dismissal is a question of law, which we review for correctness. *See St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991).

■ Mrs. Mori's original complaint simply sought to "register" the Moris' Japanese divorce decree pursuant to section 78–22a–2 of the Utah Code, which is part of the Utah Foreign Judgment Act. The Utah Foreign Judgment Act applies to "any judgment, decree, or order of a court of the United States or of any other court whose acts are entitled to full faith and credit in this state." Utah Code Ann. § 78–22a–2(1) (1992). Pursuant to the United States Constitution, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. However, the Full Faith and Credit Clause does not apply to foreign country judgments. *Aetna Life Ins. Co. v. Tremblay*, 223 U.S. 185, 190, 32 S.Ct. 309, 310, 56 L.Ed. 398 (1912) ("No such right, privilege, or immunity, however, is conferred by the Constitution or by any statute of the United States in respect to the judgments of foreign states or nations ...."); *see also Schoenbrod v. Siegler*, 20 N.Y.2d 403, 407–08, 283 N.Y.S.2d 881, 884, 230 N.E.2d 638, 640 (1967); Restatement (Second) Conflict of Laws § 98 (Supp.1988); 24 Am.Jur.2d *Divorce and Separation* § 1104 (1983). Thus, the Utah Foreign Judgment Act cannot be the basis for recognition of a foreign nation judgment.

■ Absent a treaty or statute, a foreign country judgment can be enforced only under principles of comity. *Hilton v. Guyot*, 159 U.S. 113, 163–64, 16 S.Ct. 139, 141–44, 40 L.Ed. 95 (1895). This court has described the doctrine of comity as "the principle that a court, for considerations of public policy, should defer to a court of another jurisdiction ... and is a matter that calls for the exercise of judicial discretion." *Pan Energy v. Martin*, 813 P.2d 1142, 1146 (Utah 1991). Thus, absent a treaty or statute to the contrary, for a Utah court to enforce the judgment of a foreign nation, it must do so under the prin-

ciples of comity. This begins with the filing of an action in a Utah court to enforce the judgment. *Id.* at 1240; 30 Am.Jur.2d *Executions and Enforcements of Judgments* § 775 (1994).

■ However, Mrs. Mori has not filed an action with the trial court to enforce the Japanese divorce decree; she has only asked that such decree be registered in Utah pursuant to the Utah Foreign Judgment Act. Accordingly, Mrs. Mori has not asserted an actionable complaint, and the court of appeals was correct in so concluding.

Mr. Mori argues on certiorari that the court of appeals erred in remanding the case for further proceedings and asserts that the court of appeals should have ordered the trial court to dismiss the action. We agree. "It simply is not compatible with the rule of law that a legal proceeding may be maintained without an allegation of a cause of action that is cognizable at law." *Estes v. Talbot*, 597 P.2d 1324, 1326 (Utah 1979); *see also McKinney v. State of Okla., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir.1991) (affirming dismissal for failure to state a claim where it was " 'patently obvious' that the plaintiff could not prevail on the facts alleged ..., and allowing him an opportunity to amend his complaint would be futile" (quoting *Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 727 (D.C.Cir.1990) (per curiam))); *Wong v. Bell*, 642 F.2d 359 (9th Cir.1981) (affirming dismissal where "[p]laintiffs cannot possibly win relief under the statute they have urged").

In the instant case, Mrs. Mori merely sought to register the Moris' Japanese divorce decree under a statute that does not pertain to foreign nation judgments. She alleged no additional facts. She did not seek to enforce the decree in a Utah court or to have the Japanese divorce recognized under principles of comity. Accordingly, we hold that the court of appeals was correct in holding that Mrs. Mori's complaint failed to state a claim upon which relief can be granted but erred in failing to remand to the trial court

with instructions to dismiss Mrs. Mori's complaint.[2]

## CONCLUSION

On the basis of the foregoing, we reverse the court of appeals' decision inasmuch as it remanded the case for further proceedings and order the trial court to dismiss Mrs. Mori's complaint.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur in Justice RUSSON's opinion.

**2.** Accordingly, we need not determine whether the court of appeals correctly decided the jurisdictional issues raised by Mr. Mori.