Dimitrios Th. VAGENAS,
etc., et al., Plaintiffs,

v.

CONTINENTAL GIN COMPANY,
etc., et al., Defendants.

No. CV 91–A–810–N.

United States District Court,
M.D. Alabama, N.D.

April 9, 1992.

J. Stuart Lemle, Land, Lemle & Arnold, Washington, D.C., Algert S. Agricola, Montiel & Agricola, Montgomery, Ala., Peter V. Baugher, Schopf & Weiss, Chicago, Ill., for plaintiffs.

L. Vastine Stabler, Jr., William H. Pryor, Jr., Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for defendant Allied Products Corp.

ORDER

ALBRITTON, District Judge.

This cause is before the court for consideration of plaintiffs' motion for summary judgment filed on January 26, 1992, and defendant Allied Products Corporation's motion for judgment on the pleadings filed on January 27, 1992. Based on the court's review of the parties' submissions on the

pending motions, the court finds that the motion for judgment on the pleadings filed by defendant Allied Products Corporation is due to be granted and that plaintiffs' motion for summary judgment is due to be denied as moot.

## I. FACTUAL BACKGROUND

Plaintiffs, four brothers who founded and operated the Theodoros Vagenas Brothers Cotton Gin Co. (hereinafter "Vagenas"), filed this action against Continental Gin Company (hereinafter "Continental") and Allied Products Corporation (hereinafter "Allied") seeking enforcement of a foreign judgment.[1] Plaintiffs seek the amount awarded in the foreign judgment, plus interest at the rate provided for in the judgment.

At the time of the events giving rise to this complaint, Continental was an unincorporated division of Allied Products Corporation. Therefore, Allied is the proper defendant.

In 1977, Continental entered into an agreement with Vagenas to deliver and erect a cotton ginning factory in Trikala, Greece. By subsequent negotiations, the agreement was modified to provide for the delivery and installation of the factory no later than November 28, 1978. If the factory was not operational by that date, Vagenas would be entitled to compensation from Continental for each day of delay.

The factory did not become operational until October 10, 1979. In 1980, Vagenas commenced litigation against Continental to recover the compensation provided for in its agreement with Continental and the loss of profits it suffered due to the delay in the completion of the installation of the factory. Initially, Vagenas pursued its action against Continental in the Multimember First Instance Court of Justice of Trikala, Greece. On January 3, 1981, the Multimember First Instance Court entered a declaratory judgment in favor of Vagenas and against Continental (hereinafter re-

ferred to as "1981 declaratory judgment"). Following this judgment, the parties attempted to negotiate a settlement. When this proved unsuccessful, Vagenas pursued the matter in the Tricalla Court of First Instance, Trikala, Greece. Finding that there is "precedent (res judicata) accruing from the decree absolute 5/1981 of this court", Vagenas' factual allegations were deemed admitted, and Continental was held in default of its contract with Vagenas. On September 26, 1985, the Tricalla Court awarded Vagenas loss of profits, contract damages and court costs with interest at the lawful rate (hereinafter referred to as "1985 affirmative judgment"). According to Vagenas, the award totals $1,139,697 U.S. at the appropriate exchange rate, plus the "lawful rate of interest" of 23% per annum from May 24, 1980 to June 6, 1985, 25% per annum from June 7, 1985 to October 29, 1990 and 34% per annum from October 30, 1990 until the judgment is satisfied. It is this judgment that Vagenas now seeks to enforce.

Allied argues that the Greek judgments are unenforceable because the courts did not have in personam jurisdiction, and because the statute of limitations period for enforcing the judgment has expired. For the reasons discussed below, the court finds that Allied's statute of limitations defense is dispositive.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Rule 12(c), *Fed.R.Civ.P.*, is appropriate when the movant clearly establishes that there are no material issues of fact which cannot be resolved on the pleadings and that he is entitled to judgment as a matter of law. *See generally* 5A C. Wright and A. Miller, *Federal Practice and Procedure: Civil 2d* §§ 1367, 1368. A Rule 12(c) judgment operates as a summary disposition of the substantive merits of the claims and defenses in the underlying pleadings. *Hal Roach Studios, Inc. v.*

1. Continental Eagle Corporation was also named as a defendant in this action because it had recently acquired the assets of Continental. By agreement of the parties and pursuant to an

order of the court, Continental Eagle Corporation was dismissed from this action. *See* Order dated March 17, 1992.

*Richard Feiner & Co., Inc.,* 883 F.2d 1429, 1436 (9th Cir.1989). Thus, the court should grant a motion for judgment on the pleadings only when it is clear that the merits of the controversy can be fairly and fully decided on the face of the pleadings. *Andreu v. Sapp,* 919 F.2d 637, 639 (11th Cir. 1990). *See, e.g., Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289, 290 (3d Cir.1988) (judgment on pleadings based on statute of limitations defense is appropriate).

The court finds that this cause is appropriate for summary disposition because the statute of limitations defense can be decided from the face of the complaint.

## III. DISCUSSION

■ Allied argues that this action is governed by Alabama's residual statute of limitations which provides that "all actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." § 6–2–38(*l*), *Code of Alabama.* Allied further argues that the pending cause of action accrued January 3, 1981, when Vagenas obtained a declaratory judgment from the Multimember First Instance Court of Justice.

Vagenas argues that the 1981 declaratory judgment was not an enforceable final judgment. Vagenas contends that such judgment was not obtained until September 26, 1985, when the Tricalla Court of First Instance entered an affirmative judgment for the remuneration that Vagenas is pursuing in the pending action.

Vagenas further argues that the applicable limitations period is 20 years as provided in § 6–2–32, *Code of Alabama.* Section 6–2–32 states that "within 20 years, actions upon a judgment or decree of any court of this state, of the United States or of any state or territory of the United States must be commenced."

Whether the running of the statute of limitations began with the entry of the 1981 declaratory judgment or the 1985 affirmative judgment is an issue that does not need to be decided. If the two year statute applies, both judgments are out of time; if the 20 year statute applies, both are timely. Thus, the court directs its attention to identifying the applicable limitations period.

■ The parties concede that Alabama law does not provide a specific limitations period for actions seeking enforcement of money judgments of a court of a foreign country.[2] The court must either apply one of the statutory provisions to such an action or hold that there is no limitations period and that such an action may be brought at any time. Application of one of the limitations periods is preferable to the latter result.

Vagenas argues that the 20 years limitations period for enforcement of judgments from sister states should apply to this action because it is the only limitations provision that relates to enforcement of judgments. Vagenas further argues that the 20 years limitations period is appropriate because the pending action is analogous to actions to enforce judgments of sister states. The court does not agree.

■ Each state is required to give full faith and credit "to public acts, records, and judicial proceedings of every other state." U.S. Const. Art. IV, § 1. The constitutional and congressional intent of recognizing full faith and credit is to ensure that judgments rendered by any state of the Union are afforded the same recognition and enforcement throughout the nation. *See generally,* 47 Am.Jur.2d §§ 1216–1222. Overall, the principles of full faith and credit do not permit a state flexibility in determining whether to recognize a judgment of its sister state.

■ By contrast, the effect to be given to judgments from courts of foreign na-

---

**2.** Because this cause is before the court by virtue of original diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, the court must apply the limitations period of the forum state. *Erie Railroad Co. v. Tompkins,* 304 U.S.

64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). *See also Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Dade County v. Rohr Industries, Inc.,* 826 F.2d 983, 987 (11th Cir.1987).

tions has been governed by principles of comity. In *Hilton v. Guyot*, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895), comity is defined as "the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protections of its laws." *Id.* at 164, 16 S.Ct. at 143. The basic requirements for the recognition of a foreign country judgment are that the judgment must appear to be rendered by a competent court having jurisdiction of the cause and of the parties, and upon due allegations and proofs, that the defendant had an opportunity to defend against the claim, and that the court's proceedings are according to the course of a civilized jurisprudence and are stated in a clear and formal record. *Hilton*, 159 U.S. at 205–06, 16 S.Ct. at 159–60. Comity, however, is not a rule of law, but one of practice, convenience and expediency. *See generally Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 440 (3d Cir. 1971). There is no congressional, executive, or constitutional directive that mandates enforcement of judgments of foreign nations. *See Aetna Life Ins. Co. v. Tremblay*, 223 U.S. 185, 190, 32 S.Ct. 309, 310, 56 L.Ed. 398 (1912). Under the flexible principles that underlie the practice of comity, each state is permitted to establish its own set of rules for the recognition and enforcement of foreign judgments. *See* Ronald A. Brand, *Enforcement of Foreign Money Judgments in the United States: In Search of Uniformity and International Acceptance*, 67 Notre Dame L.Rev. 253 (1991).

It is apparent to the court that the laws of Alabama are not intended to give foreign country judgments the same deference that it affords sister state judgments. The statute providing a 20 years limitations period for enforcement of sister state judgments very specifically states that it is limited to judgments of courts of the Unit-

ed States or of states or territories within the United States. Furthermore, in Alabama, enforcement of a judgment of a sister state merely requires the judgment creditor to file the judgment with an affidavit which includes the name and last known address of the judgment debtor and judgment creditor, and a statement that the sister state judgment is valid, enforceable and unsatisfied. § 6–9–230, *et seq., Code of Alabama,* commonly known as the Uniform Enforcement of Foreign Judgments Act.[3] These requirements are minimal compared to the due process and fairness considerations and jurisdictional issues that underlie enforcement of a judgment from a foreign country. *See Parsons v. Bank Leumi Le–Israel, B.M.*, 565 So.2d 20, 25 (Ala.1990).

As further evidence that the laws of Alabama do not consider actions to enforce judgments of sister states and those of foreign nations as analogous, the court finds it relevant that the Alabama legislature has not adopted the Uniform Foreign Money Judgment Recognition Act. *See, e.g.,* Tex.Civ.Prac. & Rem Code §§ 36.001 *et seq.;* Ga.Code § 9–12–110 *et seq.* The Recognition Act provides that a judgment from a governmental unit other than a state or territory of the United States is enforceable in the same manner as a judgment of a sister state which is entitled to full faith and credit. Alabama has not adopted the Recognition Act, and, therefore, has not accepted the notion that a judgment of a foreign nation is enforceable the same as a judgment of a sister state. Thus, the court finds that the statute of limitations period applicable to actions to enforce judgments of sister states does not govern actions to enforce judgments of foreign nations.

Because there is not another statute of limitations provision that specifically addresses actions to enforce judgments of foreign nations, the court finds that the applicable limitations period is the two years residual limitations period. § 6–2–

---

**3.** Under the Act, foreign judgment means "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." § 6–9–231, *Code of Alabama.*

38(*l*), *Code of Alabama.* The pending action relates to an injury to rights that does not arise from contract. This is an action by a judgment creditor against a judgment debtor. The injury that Vagenas seeks to redress does not arise from a contract, mortgage or specialty that might otherwise warrant application of the six years limitations statute. Ala.Code § 6–2–34(9). *Cf. Weaver v. American National Bank,* 452 So.2d 469, 473 (Ala.1984) (cause of action to recover collateral from secured party is *ex contractu,* and is therefore, governed by the six statute of limitations).

The court does not find it persuasive that there are no cases where the two year residual statute has been applied to actions to enforce foreign country judgments. Neither are there any cases declining to apply the two year residual statute. The court presumes that the legislature did not intend to allow certain claims to be brought at any time without limitation. Section 6–2–38(*1*) is the only residual type statute to be found. Nor does the court find it prejudicial or burdensome to require a judgment creditor seeking to enforce a judgment from a foreign nation to pursue such action within two years of obtaining the judgment. Enforcement of a foreign nation judgment requires resolution of substantive issues, specifically regarding the sufficiency of service and the opportunity to defend in the foreign proceedings. The evidentiary matters related to these issues reasonably rely on memories and information that may become stale, or eventually unavailable. Thus, prompt enforcement of a foreign judgment, which may in fact serve as the judgment debtor's only notice of the judgment debt, is warranted.

Accordingly, the court finds that the two years limitations period provided in § 6–2–38(*l*), *Code of Alabama,* governs the pending action to enforce a judgment of a foreign nation, and that this cause was not timely filed.

### IV. CONCLUSION

For the foregoing reasons, it is the ORDER of the court that Allied Products Corporation's motion for judgment on the pleadings filed January 27, 1992, is due to be and it is hereby GRANTED and judgment is due to be and it is hereby entered in favor of defendants Allied Products Corporation and Continental Gin Company. It is further ORDERED that Vagenas' motion for summary judgment is DENIED as moot.

DONE.