988 F.2d 104
 Dimitrios Th. VAGENAS, Spyridon Th. Vagenas, Chrysostomos
Th. Vagenas, and Constantinos Th. Vagenas,
Plaintiffs-Appellants,
v.
CONTINENTAL GIN COMPANY; Continental Eagle Corporation, and
Allied Products Corporation, Defendants-Appellees.
 No. 92-6387.
 United States Court of Appeals,
Eleventh Circuit.
 April 9, 1993.
 
 J. Stuart Lemle, Land, Lemle & Arnold, Washington, DC, Peter V. Baugher, Schopf & Weiss, Chicago, IL, for plaintiffs-appellants.
 L. Vastine Stabler, Jr., Walston, Stabler, Wells, Anderson & Bains, William H. Pryor, Jr., Birmingham, AL, for Allied Products Corp.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before FAY and BIRCH, Circuit Judges and KAUFMAN*, Senior District Judge.
 FAY, Circuit Judge:
 
 
 1
 This is an action by four Greek brothers to enforce a judgment entered by a Greek court against a contractor. The district court, upon a motion for judgment on the pleadings, held the action barred by a two year statute of limitations under the Alabama Code, and from this order the Greek brothers appeal. For the reasons that follow, we VACATE and REMAND for further proceedings because the district court should have applied a twenty year limitations period.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 The appellants, four brothers who founded and operated the Theodoros Vagenas Brothers Cotton Gin Company (hereinafter "Vagenas"), seek to enforce a judgment rendered by a Greek court against Continental Gin Company of Prattville, Alabama, and its parent, Allied Products Corporation (hereinafter referred to together as "Continental"). In 1977, Vagenas contracted with Continental to deliver and erect a cotton ginning factory in Trikala, Greece. The parties subsequently modified the contract to provide for the delivery and installation of the factory no later than November 28, 1978. Continental agreed to compensate Vagenas for every day of delay beyond that date.
 
 
 3
 The factory did not become operational until October 10, 1979. In 1980 Vagenas filed suit in the Multimember First Instance Court of Justice of Tikala, Greece, against Continental to recover the compensation provided for by the contract and the loss of profits suffered due to the delayed installation of the factory. On January 3, 1981, the Greek court entered a declaratory judgment in favor of Vagenas. Under Greek law and procedure, however, this declaratory judgment is not enforceable, but is intended as a means to induce settlement negotiations. Following a period of unsuccessful negotiations between the parties to settle the matter, and in accord with Greek procedure, Vagenas pursued the claim against Continental seeking an enforceable "affirmative judgment." In September, 1985, the Greek court found Continental in default of its contract with Vagenas and awarded the appellants damages for lost profits, contract damages and court costs, all with interest at the lawful rate until the judgment is satisfied.
 
 
 4
 Vagenas filed an action to enforce the foreign judgment in the Middle District of Alabama and moved for summary judgment. Continental responded with a motion for judgment on the pleadings, arguing that the Greek judgment was unenforceable because the court lacked in personam jurisdiction, and because the statute of limitations for enforcing the judgment had run. The district court found the latter defense dispositive. Because Alabama law does not provide a specific limitations period for actions to enforce foreign judgments, the court held a two year "residual" limitation statute barred the suit, 789 F.Supp. 1137. The district court rejected appellants' arguments that it should recognize the principles of international comity as emphasized in a treaty between the United States and Greece. Alternatively, they argued that the code section setting a twenty year time limit for enforcement of sister state judgments should govern the action because enforcement actions regarding sister state and foreign country judgments are of the same essential nature and bear a close substantive relationship with each other.
 
 DISCUSSION
 
 5
 Vagenas contends the district court erred in applying the two year statute of limitations to the Greek judgment, instead of a twenty year statute relating to domestic judgments. Our review is plenary as the question on appeal is purely one of law. See Pullman-Standard v. Swint, 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982). This cause is before the court by virtue of diversity jurisdiction pursuant to 28 U.S.C. § 1332, therefore, we must apply the limitations period of the forum state. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Because the treaty between the United States and Greece elevates the foreign judgment to the status of a sister state judgment, we hold that twenty years is the proper limitation period for this action under Alabama law.
 
 
 6
 In 1951 the United States and Greece signed the Friendship, Commerce and Navigation Treaty, 5 U.S.T. 1829 [hereinafter Friendship Treaty], in which the United States agreed to treat Greek nationals pursuing their rights in our courts in a nondiscriminatory manner. Article VI, section 1, in pertinent part provides: "Nationals and companies of either Party shall be accorded national treatment and most-favored-nation treatment with respect to access to the courts of justice ... in all degrees of jurisdiction, both in pursuit and in defense of their rights." Friendship Treaty, art. VI, 5 U.S.T. at 1851. Article XXIV, section 1, defines national treatment as that treatment which is "accorded within the territories of a Party upon terms no less favorable than the treatment accorded therein, in like situations, to nationals, companies, products, vessels or other objects, as the case may be, of such Party." Id., art. XXIV, 5 U.S.T. at 1907. A foreign national is not exempt from state regulation if the law is applied equally to nationals, companies, products, etc., of both the United States and Greece. See id. Because the Friendship Treaty is the supreme law of the land, U.S. CONST. art. VI, it effectively obligated the states to afford a Greek national the same treatment that any United States citizen would receive in an action to enforce a judgment. The treaty would preempt Alabama law if there were a conflict, but none exists. See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699, 108 S.Ct. 2104, 2107, 100 L.Ed.2d 722 (1988).
 
 
 7
 The parties concede, and we agree, that Alabama does not provide a specific limitations period for actions seeking enforcement of foreign country judgments. There is only one section in chapter six of the code which even references the enforcement of judgments. "Within 20 years, actions upon a judgment or decree of any court of this state, of the United States or of any state or territory of the United States must be commenced." ALA.CODE § 6-2-32 (1975). Reading § 6-2-32 in light of the treaty, a Greek national with a foreign judgment must be given the same twenty year time frame to enforce the judgment as is available to the United States citizen seeking to enforce a sister state judgment in Alabama.
 
 
 8
 Continental argues the judgment must be governed by the residual provision found in subsection (l ) of § 6-2-38 of the Alabama Code because, in creating a comprehensive statute of limitations scheme, the legislature provided a limitations period for every civil action not expressly excepted by the code. The statute provides that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." ALA.CODE § 6-2-38(l ) (Supp.1992). Since no other limitations provision provides for or excepts foreign country judgments, the appellees read "actions for any injury to the person or rights of another not arising from contract" broadly to include actions to enforce judgments. They reason this action does not arise from contract, but rather is an alleged "failure to satisfy an obligation" and, therefore, is an unenumerated action "for injury to the ... rights of another." In short, they characterize this action as arising from a tort. We do not think such an interpretation would be sound. To suggest that this action is something other than a claim for damages "arising from contract" is frivolous.[1]
 
 
 9
 Even if we thought this to be a correct interpretation of § 6-2-38(l ), in the final analysis our decision would be no different. Application of this statute would result in imposing a two year limitations period to the Greek judgment, while applying a twenty year limit to domestic judgments. Such discriminatory treatment would directly conflict with the treaty provision which mandates foreign country judgments be treated the same as sister state judgments, thus leaving § 6-2-32 as the only relevant provision to apply in Alabama.
 
 CONCLUSION
 
 10
 For the foregoing reasons, we VACATE the judgment of the district court and REMAND for proceedings consistent with this opinion.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation
 
 
 [1]
 For centuries courts have recognized that civil actions either arise from contracts or torts. "A 'tort' has been defined broadly as a 'civil wrong, other than breach of contract, for which the court will provide a remedy in the form of an action for damages.' " United States v. Burke, --- U.S. ----, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992) (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 1, at 2 (5th ed. 1984))