**MOBIL OIL CORPORATION, Plaintiff,**

v.

**ADVANCED ENVIRONMENTAL RECYCLING TECHNOLOGIES, INC., Defendant.**

**Civ. A. No. 92–351–JJF.**

United States District Court, D. Delaware.

June 30, 1993.

Charles S. Crompton, Jr. of Potter Anderson & Corroon, Wilmington, DE, Richard E. Kurtz, and Albert T. Keyack, of Woodcock Washburn Kurtz Mackiewicz & Norris, Philadelphia, PA, for plaintiff.

Douglas E. Whitney, Matthew B. Lehr, and R. Judson Scaggs, Jr. of Morris Nichols Arsht & Tunnell, Wilmington, DE, for defendant.

## OPINION

FARNAN, District Judge.

### I. INTRODUCTION

Presently before the Court is Plaintiff, Mobil Oil Corporation's ("Mobil") Motion to Compel Discovery. (D.I. 58). Specifically, Mobil seeks to compel Advanced Environmental Technologies, Inc. ("AERT") to comply with discovery requests on the issues of breach of a confidential relationship and patent invalidity. For the reasons outlined below, the Court will grant Mobil's Motion to Compel Discovery.

### II. BACKGROUND

Mobil commenced this suit on June 9, 1992 by filing a declaratory judgment action against AERT seeking a judgment that four AERT patents are invalid and unenforceable, and that Mobil has not infringed the AERT

patents. Complaint, at 4. AERT initially responded by filing a motion to dismiss on the grounds that Mobil had not demonstrated a reasonable apprehension of litigation so as to give this Court subject matter jurisdiction. In a Memorandum Opinion, dated November 23, 1992, the Court held that a reasonable apprehension of litigation existed at the time the Complaint was filed, giving the Court subject matter jurisdiction under 28 U.S.C. § 2201. (D.I. 60). Accordingly, the Court denied AERT's motion to dismiss. (D.I. 61). Mobil then filed an amended Complaint on August 28, 1992.[1] (First Amended Complaint, D.I. 17). The First Amended Complaint seeks a declaratory judgment that: 1) the four AERT patents are invalid and unenforceable, 2) Mobil has not infringed the AERT patents, 3) Mobil has not breached any confidential relationship that may exist between AERT and Mobil. (First Amended Complaint, D.I. 17, at 6).

AERT answered Mobil's First Amended Complaint on December 8, 1992. Answer and Counterclaims, D.I. 67. Paragraph 8 of the Answer states that "AERT lacks sufficient knowledge or information to form a belief as to whether Mobil has infringed." The Answer also asserts four counterclaims against Mobil: 1) violation of Section 1 of the Sherman Act (illegal monopoly), 2) violation of Section 2 of the Sherman Act (sham litigation), 3) breach of a confidential relationship, and 4) unfair competition.

### The Motion to Compel

On November 16, 1992, in the course of taking the Deposition of Joe G. Brooks, the corporate representative of AERT, Mobil's counsel propounded a number of questions relating to the issue of Mobil's breach of a confidential relationship. Motion to Compel, Exhibit A, at 2–4. AERT's counsel directed Mr. Brooks not to answer these questions, asserting that the issue of whether Mobil breached a confidential relationship was not in the case. The Court had not yet decided AERT's Motion to Dismiss the initial Complaint.

AERT has also refused discovery on the issue of patent invalidity. AERT contends that all patent issues, including invalidity, are rendered moot by AERT's admissions that Mobil's process and equipment for producing composite lumber do not infringe AERT's patents.[2] AERT contends that its admissions of noninfringement divest the Court of subject matter jurisdiction over Mobil's claim for a declaratory judgment that AERT's patents are invalid and unenforceable. Mobil then filed the motion now before the Court to compel discovery on the breach of a confidential relationship and patent issues. (D.I. 58). After hearing argument from both parties, the Court delayed ruling on the motion and ordered supplemental briefing on the mootness issues raised by AERT. This Memorandum Opinion constitutes the Court's findings and conclusions as to the issues of mootness and jurisdiction raised by AERT in refusing to comply with Mobil's discovery requests.

### III. DISCUSSION

AERT asserts that the Court lacks subject matter jurisdiction to hear Mobil's claims of invalidity and unenforceability. AERT contends that "no claims of infringement remain in this action because AERT admits that Mobil's process and equipment, as described by Mobil in discovery, do not infringe. Therefore, the Court has no jurisdiction over the subject matter of Mobil's validity or enforceability defenses." Defendant's Brief in

---

1. The First Amended Complaint was actually filed the same day as AERT's Motion to Dismiss. Because that motion was denied, Mobil was free to amend its Complaint.

2. AERT responded to Request for Admission No. 1 of Plaintiff's First Request for Admissions as follows:

   AERT admits that the process described in the depositions of James Bookamer and Gunter Schmidt does not infringe any claims of U.S. Patent No. 5,082,605. AERT can neither admit nor deny whether the process described in

   the depositions of James Bookamer and Gunter Schmidt is 'the Mobil process for making composite lumber' because Mobil has denied AERT access to Mobil's composite lumber manufacturing facility by objecting to AERT's request for inspection.

   AERT gave the same response with respect to each of the four AERT patents at issue in this suit. Defendant's Brief in Opposition to Plaintiff's Motion to Compel Discovery, Exhibit A, at 1–3.

Opposition to Plaintiff's Motion to Compel Discovery, at 6. Mobil, on the other hand, contends that AERT's admissions are not sufficient to render the threat of infringement litigation "all but extinct." Plaintiff's Opening Brief in Support of Its Motion to Compel, at 4. Thus, contends Mobil, the Court has not been divested of its jurisdiction over the validity and enforceability claims.

### A. Court's Continuing Jurisdiction Over the Infringement Issues

■ The Declaratory Judgment Act provides that [i]n a case of actual controversy within its jurisdiction ..., any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201. The actual controversy requirement precludes a declaration about the validity of a patent unless the defendant has an objectively reasonable apprehension that it will face an infringement suit. *International Medical Prosthetics Research Assoc. v. Gore Enterprise Holdings, Inc.,* 787 F.2d 572, 575 (Fed. Cir.1986). A case or controversy must exist as of the date of the filing of the declaratory judgment complaint, and at all stages of review. *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975); *United Sweetener USA, Inc. v. Nutrasweet Co.,* 760 F.Supp. 400, 405 (D.Del.1991). Once the Court's jurisdiction has been established, that jurisdiction vanishes only when subsequent events renders the threat of an infringement action nonexistent. *See Nutrasweet,* 760 F.Supp. at 407.

The Court has previously held that a case or controversy existed as of the date of the filing of this declaratory judgment action. (D.I. 60). What brings the case or controversy dispute to the forefront again is AERT's contention that its admissions of noninfringement have destroyed any case or controversy between the parties. AERT contends that its admissions of noninfringement remove any apprehension that Mobil may have concerning a potential patent infringement suit.

■ A review of the facts and circumstances present in this case convinces that Court that AERT's admissions that Mobil's process, as described by Mobil, does not infringe the four AERT patents have not rendered Mobil's continuing apprehension of litigation unreasonable. AERT has not, as in *Spectronics Corp. v. H.B. Fuller Co., Inc.,* 940 F.2d 631, 633 (Fed.Cir.1991), filed a formal covenant with the Court not to sue Mobil on the four patents. Nor has there been a final determination of noninfringement as in *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.,* C.A. No. 87-545-JRR (D.Del. December 12, 1990). AERT created the threat of litigation by its own statements and conduct. In the Court's view, a nonbinding qualified admission of noninfringement at this late stage in the proceedings does not render Mobil's apprehension unreasonable. The reasonableness of Mobil's apprehension is supported by AERT's unwillingness to accept a judgment of noninfringement, *see* Transcript of Pretrial Conference, and by AERT's Answer which states that "AERT lacks sufficient knowledge or information to form a belief as to whether Mobil has infringed." While Mobil perhaps no longer faces the threat of patent infringement at this instant, Mobil still faces a threat of a future patent infringement suit based on AERT's four patents. Because Mobil has a reasonable apprehension that it will face a patent infringement suit if it produces and markets composite lumber products, an actual case or controversy of sufficient reality exists to warrant the Court's exercise of jurisdiction over Mobil's declaratory judgment action.

### B. Continued Vitality of Patent Validity Issues

Even if the Court accepted AERT's arguments that the infringement issue is now moot, the Court is not convinced that it follows that the patent validity issues are also moot. The validity of the patents remains an issue outside of the infringement context. In its counterclaims, AERT asserts that Mobil's action seeking a declaratory judgment that AERT's patents are invalid, unenforceable and not infringed is "sham litigation." By raising this claim of sham litigation, AERT has necessarily put invalidity back in the

case. Mobil seeks a declaratory judgment that, *inter alia*, AERT's patents are: 1) not infringed by Mobil, and 2) invalid and unenforceable. Because AERT has admitted that the patents are not infringed, the only possible ground upon which AERT can assert its claim of sham litigation is Mobil's claim that the patents are invalid and unenforceable. In order to defend against AERT's sham litigation allegation, Mobil is entitled to present a case that AERT's patents are invalid. Therefore, the Court is persuaded that the validity of the four challenged AERT patents remains at issue even though infringement may no longer be contested. Accordingly, Mobil's Motion to Compel Discovery on the patent validity and enforceability issues will be granted.

### C.  Breach of a Confidential Relationship

In its Answer and Counterclaims, AERT counterclaims that Mobil breached a confidential relationship that existed between AERT and Mobil. Therefore, it is undeniable that this issue remains contested in this case notwithstanding the existence or non-existence of the patent issues. Accordingly, the Court will grant Mobil's Motion to Compel Discovery on the issue of Mobil's alleged breach of a confidential relationship as well.

### IV.  CONCLUSION

Because the Court finds that a reasonable apprehension of patent infringement litigation existed at the time Mobil filed its Complaint, and that AERT's admissions have not extinguished that apprehension, the Court concludes that it has jurisdiction over Mobil's action for declaratory judgment that AERT's patents are invalid and unenforceable. Alternatively, the Court concludes that AERT has placed patent validity at issue in this case by alleging that Mobil's declaratory judgment is a sham litigation. Therefore, Mobil is entitled to discovery on the patent issues. In addition, AERT counterclaimed that Mobil breached a confidential relationship existing between Mobil and AERT. Therefore, Mobil is entitled to discovery relating to the alleged breach of confidential relationship as

well. Accordingly, Mobil' Motion to Compel Discovery will be granted.

An appropriate order will be entered.