**BRYAN ASHLEY INTERNATIONAL, INC., a Florida corporation, Plaintiff,**

v.

**SHELBY WILLIAMS INDUSTRIES, INC., a Delaware corporation, Defendant.**

No. 95–6894–CIV.

United States District Court, S.D. Florida.

July 25, 1996.

John Cyril Malloy, III, Malloy & Malloy, P.A., Miami, FL, for Plaintiff.

Roger L. Price, Steven L. Baron, Victoria P. Pappas, D'Ancona & Pflaum, Chicago, IL, Sanford L. Bohrer, Holland & Knight, Miami, FL, for Defendant.

## ORDER DENYING MOTIONS FOR PARTIAL JUDGMENT ON THE PLEADINGS

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Plaintiff Bryan Ashley International, Inc.'s Motion for Partial Judgment on the Pleadings, filed February 14, 1996, and Defendant Shelby Williams Industries, Inc.'s Cross Motion for Partial Judgment on the Pleadings, filed March 1, 1996. For the reasons set forth below, the Court denies both motions.

## I. Background

Both the plaintiff and the defendant sell furniture, including rattan and wicker items. By letter dated September 5, 1995, defense counsel warned the plaintiff of the plaintiff's alleged "misappropriation of [the defendant's] intellectual property" and demanded that the plaintiff "immediately cease and desist" from the alleged misappropriation or risk "disgorgement of profits improperly gained ... as well as reimbursement to [the defendant] for attorneys' fees incurred." Complaint, at Exhibit A. On September 22, 1995, the plaintiff filed the instant declaratory judgment action.

In its complaint, the plaintiff seeks a declaration that it has not violated Title 17, United States Code, Section 501 ("the Copyright Act") or Title 15, United States Code, Section 1125(a) ("the Lanham Act") and has not engaged in any unfair competition precluded by Florida law. The defendant's counterclaim alleges trade dress infringement and false designation of origin in violation of the Lanham Act and copyright infringement in violation of the Copyright Act. Pursuant to *Fed. R.Civ.P.* 12(c), the plaintiff has moved, and the defendant has cross-moved, for partial judgment on the pleadings as to Count I.

## II. Standard of Review

Federal district courts have applied a "fairly restrictive standard in ruling on motions for judgment on the pleadings." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (1990). To obtain a judgment on the pleadings, the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law. *Vagenas v. Continental Gin Co.*, 789 F.Supp. 1137, 1138 (M.D.Ala.1992) *vacated on other grounds*, 988 F.2d 104 (11th Cir. 1993) *cert. denied*, 510 U.S. 947, 114 S.Ct. 389, 126 L.Ed.2d 337 (1993); *Greenberg v. General Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir.1973). Moreover, the district court must view the facts presented in the pleadings, and all inferences drawn thereof, in the light most favorable to the non-moving party. *Inst. for Scientific Info., Inc. v. Gordon and Breach*, 931 F.2d 1002, 1004 (3rd Cir.1991) *cert. denied*, 502 U.S. 909, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991). When a motion filed pursuant to *Fed.R.Civ.P.* 12(c) raises a *Fed.R.Civ.P.* 12(b)(6) defense, the court should apply the same standard used to evaluate a *Fed.R.Civ.P.* 12(b)(6) motion.[1] *See Miami Herald Publishing Co. v. Ferre*, 636 F.Supp. 970, 974 (S.D.Fla.1986); *Massachusetts Candy & Tobacco Distribs., Inc. v. Golden Distribs., Ltd.*, 852 F.Supp. 63, 67 (D.Mass.1994); *Crooked Lake Dev., Inc. v.*

---

1. *Fed.R.Civ.P.* 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted ... may be made ... by motion for judgment on the pleadings."

*Emmet County,* 763 F.Supp. 1398, 1400 (W.D.Mich.1991).

## III. Discussion

In its motion, the plaintiff contends that it should be awarded the declaratory relief sought in Count I with respect to the defendant's furniture designs. The defendant opposes the plaintiff's motion and cross-moves for judgment on the pleadings, essentially raising the *Fed.R.Civ.P.* 12(b)(6) defense that the plaintiff has failed to state a claim entitling the plaintiff to declaratory relief.[2] The defendant contends that no actual controversy exists between the parties or, alternatively, that any controversy that existed is now moot.

### A. Defendant's Rule 12(c) Motion

■ Pursuant to Title 28, United States Code, Section 2201, a declaratory judgment may issue only if there is an actual controversy between the parties before the court. *GTE Directories Publishing Corp. v. Trimen America, Inc.,* 67 F.3d 1563, 1567 (11th Cir. 1995). The defendant contends that no actual controversy exists because it has never asserted a claim for copyright infringement of its furniture designs.

To determine the existence of an actual controversy in patent litigation, courts apply a two-part test:

First, there must be an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit. Second, the accused infringer or declaratory plaintiff must have actually produced or prepared to produce an allegedly infringing product.

*Hewlett–Packard Co. v. Genrad, Inc.,* 882 F.Supp. 1141, 1156 (D.Mass.1995) (citations omitted); *see also Century Indus., Inc. v. Wenger Corp.,* 851 F.Supp. 1260, 1263 (S.D.Ind.1994). This Court finds this test equally applicable in the context of copyright litigation.

In the instant action, the letter from defense counsel accusing the plaintiff of misappropriating the intellectual property of the defendant and demanding that the plaintiff cease and desist any further misappropriation amounts to action creating a "reasonable apprehension" of litigation, thus satisfying the first prong of the *Hewlett–Packard* test. Furthermore, the continued sale of the potentially "infringing products" satisfies the second prong of the test. *See Flint Ink Corp. v. Brower,* 845 F.Supp. 404, 407 (E.D.Mich.1994) (patentee's letters charging infringement and demanding the cessation of such infringement, along with alleged infringer's denial of infringement, gave rise to actual controversy warranting issuance of declaratory judgment). The Court further notes that the defendant has acknowledged that "a justiciable controversy exists between the parties with respect to the right of [the plaintiff] to continue selling its accused furniture designs under threat of litigation." Answer, at ¶ 10. Therefore, the plaintiff has sufficiently demonstrated the existence of an actual controversy.

■ Alternatively, the defendant contends that any controversy that existed with respect to copyrights on the furniture designs was rendered moot by its acknowledgment that the defendant "does not assert that [the plaintiff] has infringed copyrights of [the defendant] on specific furniture designs." Answer, at ¶¶ 12, 16, 23–25. However, absent the "filing [with the Court of] a formal covenant ... not to sue [and absent] a final determination of noninfringement," the defendant's acknowledgments do not render moot the plaintiff's declaratory judgment action. *Mobil Oil Corp. v. Advanced Envtl. Recycling Technologies, Inc.,* 826 F.Supp. 112, 114 (D.Del 1993); *see also Pruitt v. Wilder,* 840 F.Supp. 414, 416–17 (E.D.Va. 1994) (state's voluntary removal of its challenged ban did not render moot the action challenging the ban because, without a determination as to the validity of the ban, the state was free to alter its policy at any time). The Court again notes that the defendant's

---

**2.** The defendant submitted the same memorandum of law in support of both its opposition to the plaintiff's motion and its own cross motion.

answer to the complaint also acknowledges the existence of a "justiciable controversy ... between the parties with respect to the right of [the plaintiff] to continue selling its accused furniture designs under threat of litigation." Answer, at ¶ 10. Therefore, the plaintiff has sufficiently demonstrated that the controversy has not been rendered moot. Since the Court has determined that the plaintiff has overcome the *Fed.R.Civ.P.* 12(b)(6) defenses raised in the defendant's *Fed.R.Civ.P.* 12(c) motion, the Court denies the defendant's motion.

B.  Plaintiff's Rule 12(c) Motion

In its motion, the plaintiff contends that it should be awarded the declaratory relief sought in Count I with respect to the defendant's furniture designs because the defendant has failed to deny the salient allegations in the complaint. However, contrary to the plaintiff's contention, the defendant has denied those material allegations that are relevant to a determination of the merits of any copyright infringement action, including the protectable nature of the defendant's furniture designs and the defendant's standing to bring such an action. In light of the existence of *genuine issues of material fact*, the Court denies the plaintiff's motion for judgment on the pleadings.

ORDERED AND ADJUDGED that Plaintiff Bryan Ashley International, Inc.'s Motion for Partial Judgment on the Pleadings, filed February 14, 1996, is DENIED. It is further

ORDERED AND ADJUDGED that Defendant Shelby Williams Industries, Inc.'s Cross Motion for Partial Judgment on the Pleadings, filed March 1, 1996, is DENIED.

DONE AND ORDERED.