PER CURIAM.
Mark Hamilton Lane, an inmate at the Limestone Correctional Facility, appeals from an order of the Limestone Circuit Court granting defendant Captain William Sticker’s motion to dismiss Lane’s petition for a declaratory judgment, which Lane brought pursuant to § 6-6-221, Ala.Code 1975.
In 1999, Captain Sticker and other officials at the Limestone Correctional Facility (“the facility”) began a program allowing inmates at the facility to view movie videos donated to the facility’s library. The program worked in the following manner: if an inmate wished for a family member or friend to donate a movie video to the facility, the inmate had to fill out a request form to obtain permission for the donation. Captain Sticker would evaluate the request and review the donated video for possible security threats and unacceptable content before approving it. If Captain Sticker approved the request, the movie was placed in the facility’s library. Inmates were permitted to check out three videos for their respective cell block each weekend. The program was used as an incentive program: if an inmate misbehaved, his cell block could be denied the opportunity to watch videos for a given weekend as punishment for the behavior.
Lane states that in November 2001 the movie videos stopped coming to his cell block. He filed a request to permit his stepfather to donate some movies, but Captain Sticker denied the request on February 25, 2002, stating on the form: “Denied — Until such time as copyright issue is determined by the courts.” Lane claims that Captain Sticker told him that he would like to continue the program but that it was possible the inmates’ viewing of the movie videos was a violation of copyright law and that the correctional facility did not desire to continue the program until it had a definitive determination that the program did not violate the law.
Subsequently, Lane filed a petition for a declaratory judgment on March *471 6, 2002, ostensibly to determine whether the inmates’ viewing of the movie videos constituted a violation of copyright law, 17 U.S.C. § 101 et seq. On May 3, 2002, the attorney general, on behalf of Captain Sticker, filed a motion to dismiss the petition, arguing that no justiciable controversy exists in this case. On August 6, 2002, the trial court granted the motion to dismiss through an entry on the case action summary sheet. Lane appeals the dismissal.
“On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala.R.Civ.P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [him or] her to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he or] she may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”
Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993) (citations omitted).
Lane contends that he filed his petition for a declaratory judgment “to determine the legal status of both parties if these movie videos are viewed by Appellant and other inmates.” He argues that “[o]f course there is a ‘justiciable controversy ’ in this case, and it should have been resolved under the liberal construction and application of the Declaratory Judgment Act.” Lane argues that the guiding principle in considering whether a declaratory-judgment action presents a justiciable controversy is whether a judgment would “ ‘terminate the uncertainty or controversy giving rise to the proceeding’ ” Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala.1994) (quoting § 6-6-229, Ala.Code 1975) (emphasis omitted). He contends that a judgment declaring whether the video program violates copyright law would end the controversy — i.e., it would determine whether the video viewing could resume or whether it would be stopped permanently; therefore, Lane contends, the action qualifies as a proper declaratory-judgment action. Such is the extent of Lane’s argument regarding the issue whether there is a justiciable controversy.
 The Declaratory Judgment Act, § 6-6-220 et seq., Ala.Code 1975, states that “its purpose is to settle and to afford relief from uncertainty and insecurity with respects to rights, status, and other legal relations and is to be liberally construed and administered.” § 6-6-221. It was “designed to supply the needs of a form of action that will set controversies at rest before they lead to repudiation of obligations, the invasion of rights, and the commissions of wrongs.” Thompson v. Chilton County, 236 Ala. 142, 144, 181 So. 701, 703 (1938). Yet, even though a declaratory-judgment action is designed to be preemptive, “the parties must be damaged and seeking a remedy, not just advice.” State ex rel. Baxley v. Johnson, 293 Ala. 69, 75, 300 So.2d 106, 111 (1974). In other words, there must exist a justicia-ble controversy in order for the court to have jurisdiction to entertain the declaratory-judgment action. See, e.g., Johnson, 293 Ala. at 73, 300 So.2d at 110 (“There must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under the declaratory judgment statutes, and if there was no justiciable controversy existing when the suit was *472 commenced the trial court had no jurisdiction”).
One element of a justiciable controversy is that the party bringing the suit must have standing. “The plaintiffs’ standing is an essential component of justi-ciability.” Kid’s Care, Inc. v. Alabama Dep’t of Human Res., 848 So.2d 164, 166 (Ala.2002). “The standing inquiry focuses on whether the plaintiff is the proper party to bring this suit....” Raines v. Byrd, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). “ ‘Standing ... turns on “whether the party has been injured in fact and whether the injury is to a legally protected right.” ’ ” Kid’s Care, Inc., 843 So.2d at 166 (quoting State v. 2018 Rainbow Drive, 740 So.2d 1025, 1027 (Ala.1999), quoting in turn Romer v. Board of County Comm'rs of the County of Pueblo, 956 P.2d 566, 581 (Colo.1998) (Kourlis, J., dissenting)). While Lane might have been “injured” in some sense by not being permitted to view the movie videos, his injury must be legally cognizable in order for him to have standing.
There are only two ways that Lane could have standing to sue under United States copyright laws, 17 U.S.C. § 101 et seq. First, “[t]he legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it.” 17 U.S.C. § 501(b). Lane has not alleged that he is the legal or beneficial owner of the copyrights on any movie videos shown to the inmates. In the alternative, Lane must have “a reasonable apprehension” that he may face a copyright infringement suit if the behavior in question, in this case playing of the movies, continues. Bryan Ashley Int’l, Inc. v. Shelby Williams Indus., Inc., 932 F.Supp. 290, 292 (S.D.Fla.1996). However, if anyone were at risk of being subject to suit for the playing of the movies, it would be the facility, not Lane, because the facility instituted the program.
In short, the issue whether the facility violated copyright laws by showing movies to the inmates does not directly implicate any rights held by Lane or subject him to potential litigation. Lane has no “insecurity with respects to rights, status, [or] other legal relations” concerning the copyrights on the movie videos shown to the inmates; therefore he could not incur a legally cognizable injury as a result of the facility’s suspension of the program because of copyright concerns. Without such an injury, or the legitimate potential of it, Lane does not have standing to bring this declaratory-judgment action against Captain Sticker. Accordingly, the trial court properly dismissed Lane’s action for a declaratory judgment.
The judgment of the trial court dismissing Lane’s action is due to be affirmed. Because of our resolution of this issue, we pretermit any discussion of the other issue raised by Lane on appeal, which addresses the substance of the question whether the inmates’ viewing of the movie videos violates copyright laws.
AFFIRMED.
All the judges concur.